UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA,                :    S2 16cr559(DLC)
                                         :
          -v-                            :    OPINION & ORDER
                                         :
COREY BROWN and JOSNEL RODRIGUEZ,        :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X

DENISE COTE, District Judge:

On May 30, 2017, the Government identified excerpts from eight rap videos that it seeks to introduce into evidence at the trial scheduled to begin on June 12. On June 2, the defendants Corey Brown (a/k/a "CB") and Josnel Rodriguez (a/k/a "DO") each submitted a letter motion seeking to preclude the admission of these rap video excerpts. The Government responded on June 3.

Under Rule 801(d), an out-of-court statement offered for the truth of its contents is not hearsay if "[t]he statement is offered against an opposing party" and it "was made by the party's coconspirator during and in furtherance of the conspiracy." Rule 801(d)(2)(E), Fed. R. Evid. In order to admit a statement under this Rule, the court must find: "(a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy." United States v. Gupta, 747 F.3d 111, 123 (2d Cir. 2014) (citation omitted). Although Rule 801(d)(2)(E) "requires that both the

declarant and the party against whom the statement is offered be members of the conspiracy, there is no requirement that the person to whom the statement is made also be a member." Id. at 125 (citation omitted). "In determining the existence and membership of the alleged conspiracy, the court must consider the circumstances surrounding the statement, as well as the contents of the alleged coconspirator's statement itself." Id. at 123 (citation omitted).

"To be in furtherance of the conspiracy, a statement must be more than a merely narrative description by one co-conspirator of the acts of another." Id. (citation omitted). Thus, while "idle chatter between co-conspirators does not further a conspiracy . . . statements between conspirators which provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy, further the ends of a conspiracy." Id. at 124 (citation omitted). In addition, statements "designed to induce the listener's assistance with respect to the conspiracy's goals" -- i.e., statements that "prompt the listener to respond in a way that facilitates the carrying out of criminal activity" -- satisfy Rule 801(d)(2)(E)'s in-furtherance requirement. Id. at 125 (citation omitted).

"A finding as to whether or not a proffered statement was made in furtherance of the conspiracy should be supported by a preponderance of the evidence, and such a finding will not be overturned on appeal unless it is clearly erroneous." Id. at 124

2

(citation omitted). The court's ultimate decision to admit or exclude a proffered statement is reviewed for abuse of discretion. Id.

Pursuant to Rule 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence offered by the Government is by design prejudicial to a defendant. See United States v. Quattrone, 441 F.3d 153, 186 (2d Cir. 2006) ("All evidence introduced against a defendant, if material to an issue in the case, tends to prove guilt, but is not necessarily prejudicial in any sense that matters to the rules of evidence." (citation omitted)).

The Second Circuit has held that "[r]ap lyrics . . . are properly admitted . . . where they are relevant and their probative value is not substantially outweighed by the danger of unfair prejudice." United States v. Pierce, 785 F.3d 832, 841 (2d Cir. 2015). In Pierce, the court affirmed the admission of rap videos where the videos helped establish a defendant's association with members of an enterprise and the defendant's motive to participate in the charged conduct. Id. at 840-41.

Rule 403 requires a court to examine whether the evidence is "unfairly" prejudicial. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly

3

relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997). Unfair prejudice exists where the evidence has a tendency to suggest that a decision be made on an "improper basis." Id. "[E]vidence is unduly prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." United States v. Kadir, 718 F.3d 115, 122 (2d Cir. 2013) (citation omitted). For instance, "[t]he prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." United States v. Mercado, 573 F.3d 138, 146 (2d Cir. 2009) (citation omitted).

The Second Circuit has declined to find probative evidence which is properly used at trial unduly prejudicial under Rule 403 where it "did not involve conduct more inflammatory than the charged crime." United States v. Paulino, 445 F.3d 211, 223 (2d Cir. 2006) (citation omitted); see also United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir. 1992) (finding no error with regard to Rule 403 where the evidence of prior crimes "did not involve conduct any more sensational or disturbing than the crimes with which [the defendants] were charged" (citation omitted)). When relevant evidence is unfairly prejudicial, "Rule 403 requires the trial court to make a conscientious assessment of whether the

4

probative value of the evidence on a disputed issue in the case is substantially outweighed by the prejudicial tendency of the evidence to have some other adverse effect upon the defendant." Mercado, 573 F.3d at 146 (citation omitted).

Finally, "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the government chooses to present it." United States v. Salameh, 152 F.3d 88, 122 (2d Cir. 1998) (quoting Old Chief v. United States, 519 U.S. 172, 186-87 (1997)). In other words, "the Government generally has a right to present evidence of a fact that a defendant would prefer to admit, so as to establish the human significance of the fact and to implicate the law's moral underpinnings." United States v. Velazquez, 246 F.3d 204, 211 (2d Cir. 2011) (citation omitted).

Based on the principles recited above, the Government's request to introduce the excerpts is granted with the following limitations. The excerpt of "Ooouuu" is admitted in the event "Witness 1" testifies at trial. The excerpt of "Oh Lord" is admitted on the condition that it is edited to exclude the images of an individual running through trees as if he is being observed through binoculars. The jury shall be advised that the clip has been edited and they are not to speculate about images that are not being shown. The parties may also propose a different instruction to that proposed here. Finally, the defendants are

invited to submit a proposed limiting instruction concerning the excerpt from the video "25 to Life", as well as any other video.

Dated: New York, New York
June 9, 2017

————————————————
DENISE COTE
United States District Judge