```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
COREY BROWN,                               :
                                           :
                      Petitioner,          :   16cr559-1(DLC)
                                           :   22cv9149(DLC)
            -v-                            :
                                           :   OPINION AND
UNITED STATES OF AMERICA,                  :      ORDER
                                           :
                      Respondent.          :
                                           :
----------------------------------------- X
```

DENISE COTE, District Judge:

On October 24, 2022, Corey Brown, appearing pro se, filed a petition to vacate his conviction pursuant to 28 U.S.C. § 2255. For the following reasons, his petition is denied.

## Background

On May 1, 2017, Brown and two co-defendants were indicted in a six count superseding indictment in connection with their participation in the gang known as Sex Money Murder ("SMM"). The charges included counts related to the murder of a member of the organization, Vincent Davis.

The five counts in which Brown was charged were as follows:

Count 1: Racketeering conspiracy, 18 U.S.C. § 1962(d);

Count 2: Murder in aid of racketeering activity, 18 U.S.C. §§ 1959(a)(1) and (2);

Count 3: Conspiracy to commit murder in aid of racketeering activity, 18 U.S.C. § 1959(a)(5);

Count 4: Causing the murder of a person through the use of a firearm, 18 U.S.C. § 924(j); and

Count 6: Felon in possession of a firearm, 18 U.S.C. § 922(g)(1).

Brown proceeded to trial.  Relying on testimony from members of SMM, the Government proved that SMM was a criminal organization that achieved its objectives through drug dealing and violence.  Brown was a high-ranking member of the gang and had the power to induct new members and to discipline members through violence.  Brown had a rivalry with Davis, another high-ranking member.  In the summer of 2011, Davis slashed Brown's face with a razor.  On July 15, 2012, Christopher Lopez -- a young man whom Brown had recruited into SMM -- shot and killed Davis as Davis left a cookout.  Lopez testified at trial that Brown had told him that Davis had slashed him and that he was putting Davis "on the plate," i.e., he wanted Davis killed.

On the night of the shooing, Lopez learned that Davis was at a cookout.  He spoke briefly on the telephone with Brown, told Brown that he had just seen Davis at a cookout, and asked if Brown still wanted him "to take care of that."  Brown authorized Lopez to kill Davis.  Lopez retrieved a gun, went to the street outside the cookout, and shot Davis as he emerged.  On June 21, 2017, the jury found the defendant guilty on all five counts.

On October 6, 2017, Brown was sentenced principally to life imprisonment plus 60 months.  Represented by counsel, Brown appealed his conviction on October 13, 2017.  He asserted in his appeal that there was insufficient evidence that he knew that a gun would be used to kill Davis; that the Court erred in allowing the Government to introduce evidence of uncharged acts involving his drug sales, assaults, and a shooting; and that the Court ought to have suppressed evidence obtained during the search of his home.

On May 1, 2019, Brown filed a supplemental <u>pro se</u> memorandum in support of his appeal.  He further challenged his conviction and sentence on the grounds that there was insufficient evidence to prove that he was involved with SMM's distribution of crack, cocaine, or heroin, or that he benefitted from these sales; that the trial evidence and jury charges constructively amended the indictment as to whether he had agreed to engage in distribution of narcotics as part of the RICO conspiracy; and that there was insufficient evidence that he agreed to the murder of Vincent Davis.  The Government filed a supplemental memorandum on October 31, 2019 in response to Brown's <u>pro se</u> memorandum.

On June 11, 2021, the Court of Appeals affirmed Brown's conviction.  <u>United States v. Canada</u>, 858 F.App'x 436 (2d Cir.

2021).  The defendant petitioned for rehearing en banc, which was denied, and the mandate issued on October 6, 2021.  Brown did not petition for certiorari to the Supreme Court of the United States.

Brown filed a motion pursuant to 28 U.S.C. § 2255 on October 24, 2022.  The motion raised several grounds for relief and stated that the arguments would be further explained in a memorandum of law that would follow at a later date.  After several extensions, Brown filed the memorandum of law on November 21, 2023.  The petition became fully submitted on April 15, 2024.

## Discussion

Under 28 U.S.C. § 2255, a movant may petition the court to vacate his conviction if "the sentence was imposed in violation of the Constitution or laws of the United States" or the sentence is "otherwise subject to collateral attack."  Stone v. United States, 37 F.4th 825, 828 (2d Cir 2022) (citing 28 U.S.C. § 2255).  Pro se litigants are "entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest."  Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation omitted).  Pro se habeas petitioners, however, must still prove the unconstitutionality of their sentences under § 2255 by a

4

preponderance of the evidence.  See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

Brown brings two challenges to his conviction.  He first argues that the jury was improperly instructed on the term racketeering.  He next argues that there was insufficient evidence to support his conviction.  Neither argument has merit.

I.   Jury Charge

Brown argues that his conviction should be vacated because the Court improperly instructed the jury on the term "racketeering."  The instruction on the term racketeering was as follows:

> The use of the word racketeering is purely technical.
> You should ignore whatever meaning the term may have
> for you in every day English.  All that matters is
> whether the Government has proven beyond a reasonable
> doubt each of the elements of the crime.

Brown contends that Congress intended the racketeering statutes to apply to serious criminal conduct and the failure to give the jury a definition of the word racketeering to reflect that meaning prejudiced him.  He argues that the charge allowed the jury to convict him without evidence that he had engaged in significant criminal activity.

Brown's challenge to the jury charge is procedurally defaulted.  Brown did not raise this objection on direct appeal. Where a defendant has procedurally defaulted a claim by failing to raise it on direct appeal, the claim may be raised on a

5

motion under § 2255 "only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Gomez v. United States, 87 F.4th 100, 107 (2d Cir. 2023) (citation omitted). Brown's petition does not meet any of these requirements.

First, Brown has not shown cause for his default. In order to demonstrate cause, a defendant must show "some objective factor external to the defense, such that the claim was so novel that its legal basis was not reasonably available to counsel." Gupta v. United States, 913 F.3d 81, 84 (2d Cir 2019) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986); Reed v. Ross, 468 U.S. 1, 16 (1984)). Brown has not shown that this claim was not reasonably available at the time of his appeal.

Moreover, Brown has not shown prejudice or actual innocence. A jury instruction is erroneous "if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." United States v. Jimenez, 96 F.4th 317, 322 (2d Cir. 2024) (citation omitted). The inquiry to determine whether an instruction meets the standard of prejudice necessary to overcome a procedural default is "not merely whether the instruction is undesirable, erroneous, or even universally condemned," but rather "whether the ailing instruction by itself so infected the entire trial that the

6

resulting conviction violates due process." Gupta, 913 F.3d at 85 (citing U.S. v. Frady, 456 U.S. 152, 169 (1982)).

The jury charge correctly informed the jury as to the legal standards and elements needed to convict Brown on each of the charges related to racketeering activity, and Brown does not contend otherwise. Nor has Brown shown that he was actually innocent of the charges on which he was convicted. Among other things, he does not dispute that he placed Davis "on the plate" after Davis slashed him.

Brown also argues that his counsel was ineffective for not objecting to the instruction on the word racketeering, and for not raising the purported error on appeal. To prevail on a claim of ineffective assistance of counsel, Brown must "demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense." United States v. Ortiz, 100 F.4th 112, 116 (2d Cir. 2024) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). As discussed, however, Brown has not shown either that his counsel's performance was deficient or that he was prejudiced as a result of his attorney's failure to contest the jury instruction or raise the issue on appeal.

II.  Insufficient Evidence

Brown next argues that there was insufficient evidence that he was responsible for the murder of Davis or a participant in the drug dealing that was charged as racketeering activity.  A § 2255 petitioner "may not relitigate questions which were raised and considered on direct appeal."  Yick Man Mui v. United States, 614 F.3d 50, 55 (2d Cir. 2010) (citation omitted).  Brown raised these arguments on direct appeal.  The Court of Appeals, in its summary order, noted that it had "considered all of Defendant['s] arguments" and found them to be "without merit."  United States v. Canada, 858 F.App'x 436, 444 (2d Cir. 2021).  These arguments have already been considered and rejected and thus they are not properly raised as part of a § 2255 petition.

## Conclusion

Brown's October 24, 2022 petition to vacate his conviction pursuant to 28 U.S.C. § 2255 is denied.  The defendant having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any

appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:   New York, New York
         June 17, 2024

                                             _____
                                                  DENISE COTE
                                             United States District Judge